| United States Bankruptcy Court<br>District of Minnesota | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Oppegard, Jeffrey A** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Oppegard, Cheryl L** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3642** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6281** |
| Street Address of Debtor (No. and Street, City, and State):<br>**1044 Brompton Place**<br>**Mendota Heights, MN**     ZIP Code **55118** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**1044 Brompton Place**<br>**Mendota Heights, MN**     ZIP Code **55118** |
| County of Residence or of the Principal Place of Business:<br>**Dakota** | County of Residence or of the Principal Place of Business:<br>**Dakota** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>□ Corporation (includes LLC and LLP)<br>□ Partnership<br>□ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | □ Health Care Business<br>□ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>□ Railroad<br>□ Stockbroker<br>□ Commodity Broker<br>□ Clearing Bank<br>□ Other | ■ Chapter 7    □ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>□ Chapter 9<br>□ Chapter 11   □ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>□ Chapter 12<br>□ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>□ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    □ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>□ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>□ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>□ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>□ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>□ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>□ A plan is being filed with this petition.<br>□ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| □ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| □ 1-49 | ■ 50-99 | □ 100-199 | □ 200-999 | □ 1,000-5,000 | □ 5,001-10,000 | □ 10,001-25,000 | □ 25,001-50,000 | □ 50,001-100,000 | □ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| □ $0 to $50,000 | □ $50,001 to $100,000 | ■ $100,001 to $500,000 | □ $500,001 to $1 million | □ $1,000,001 to $10 million | □ $10,000,001 to $50 million | □ $50,000,001 to $100 million | □ $100,000,001 to $500 million | □ $500,000,001 to $1 billion | □ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| □ $0 to $50,000 | □ $50,001 to $100,000 | □ $100,001 to $500,000 | ■ $500,001 to $1 million | □ $1,000,001 to $10 million | □ $10,000,001 to $50 million | □ $50,000,001 to $100 million | □ $100,000,001 to $500 million | □ $500,000,001 to $1 billion | □ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Oppegard, Jeffrey A**<br>**Oppegard, Cheryl L** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** **/s/ Melanie A Johnson**                    **May 24, 2010**<br>Signature of Attorney for Debtor(s)                    (Date)<br>**Melanie A Johnson 387782** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br><br>_____<br>(Address of landlord)<br><br>☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

# Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Oppegard, Jeffrey A**
**Oppegard, Cheryl L**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Jeffrey A Oppegard**
Signature of Debtor  **Jeffrey A Oppegard**

X **/s/ Cheryl L Oppegard**
Signature of Joint Debtor **Cheryl L Oppegard**

Telephone Number (If not represented by attorney)

**May 24, 2010**
Date

### Signature of Attorney*

X **/s/ Melanie A Johnson**
Signature of Attorney for Debtor(s)

**Melanie A Johnson 387782**
Printed Name of Attorney for Debtor(s)

**Prescott & Pearson, P.A.**
Firm Name
**Po Box 120088**
**New Brighton, MN 55112-0088**

Address

**(651) 633-2757**
Telephone Number
**May 24, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## District of Minnesota

In re    **Jeffrey A Oppegard**
         **Cheryl L Oppegard**                              Case No. _____

                                           Debtor(s)        Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Jeffrey A Oppegard**
                       **Jeffrey A Oppegard**

Date:   **May 24, 2010**

# United States Bankruptcy Court
## District of Minnesota

In re   **Jeffrey A Oppegard**
      **Cheryl L Oppegard**
                              Debtor(s)

Case No. _____

Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Cheryl L Oppegard**
                            **Cheryl L Oppegard**

Date:  **May 24, 2010**

# United States Bankruptcy Court
### District of Minnesota

In re  **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

Debtors

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 363,400.00 | | |
| B - Personal Property | Yes | 4 | 29,473.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 387,300.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 18 | | 394,071.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 4,719.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 6,025.00 |
| Total Number of Sheets of ALL Schedules | | 33 | | | |
| Total Assets | | | 392,873.00 | | |
| Total Liabilities | | | | 781,371.00 | |

.

# United States Bankruptcy Court
## District of Minnesota

In re    **Jeffrey A Oppegard,**
          **Cheryl L Oppegard**

Case No. _____

_____,    Debtors

Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

   ☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 4,719.00 |
| Average Expenses (from Schedule J, Line 18) | 6,025.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,595.39 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 24,600.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 394,071.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 418,671.00 |

In re    **Jeffrey A Oppegard,**                               Case No. _____

              **Cheryl L Oppegard**

                                        Debtors ,

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real Property located in Burnett County, Wisconsin legally described as follows, to-wit: A parcel of land all in Government Lot Two (2) of Section Twenty-three (23), Township Thirty-nine (39) North, of Range Sixteen (16) West, and described as follows: Starting at the concrete monument marking Meander Corner Number One (1) on the North line of said Government Lot 2, at the Shore of Bass Lake, thence South 11°30' East 302 feet to the point of beginning of the parcel herein described; thence South 9°15' West 110 feet, thence East parallel to and 400 feet from the North line of said Government Lot 2 approximately 340 feet to the Shore of Bass Lake, thene Northwesterly along lake shore to a line running East from the point of beginning and parallel to the North line of said Government Lot 2, thence West approximately 170 feet to the point of beginning, said land being situate in Burnett County, Wisconsin.** <br><br> **25960 Laib Lane, Webster WI 54893 (Sheriff Sale May 25th 2010)** | **Real Property** | J | 164,400.00 | 189,000.00 |
| **Real Property located in Dakota County, Minnesota legally described as follows, to-wit: Lot 10, Block 2, Valdness Subdivision, Dakota County, Minnesota.** <br><br> **1282 and 1284 Bidwell Street, West St. Paul MN (sheriff sale June 4, 2010)** | **Real Property** | J | 199,000.00 | 195,000.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 363,400.00 | (Total of this page) |
| Total > | 363,400.00 | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re    **Jeffrey A Oppegard,**                Case No. _____

           **Cheryl L Oppegard**

                                        Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | J | 25.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Wells Fargo Bank Checking and Savings Account** | J | 5.00 |
| | | **MN Building Trades Savings Account** | H | 25.00 |
| | | **TCF Bank Savings Accounts (Custodial accounts for her children)** | J | 4.00 |
| | | **Wells Fargo Bank Savings** | H | 14.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods** | J | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing Apparel** | J | 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **5,573.00**

(Total of this page)

   __3__   continuation sheets attached to the Schedule of Personal Property

In re     **Jeffrey A Oppegard,**
          **Cheryl L Oppegard**
                                              Debtors

Case No. _____

,

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401 (K) $189,000 (Not property of Bankrutpcy Estate)** | J | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **She owns 100 % interest in Home 2 Home Realty LLC** | W | 0.00 |
| | | **She has 16 shares of stock in 3M. Each Share is worth $300.00** | W | 4,800.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **She has judgments against past tennants in the amount of approx. $12,000 (Not collectible)** | W | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >      4,800.00
(Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

In re    **Jeffrey A Oppegard,**                                    Case No. _____
      **Cheryl L Oppegard**

                                           Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Buick Rendevous | W | 3,500.00 |
| | | 2001 Chevy Silverado (150,000 miles) | H | 3,000.00 |
| | | 2000 Heritage Springer | W | 7,000.00 |
| | | 1996 Road King | H | 5,000.00 |
| 26. Boats, motors, and accessories. | | 1981 Boat/Motor/Trailer | H | 500.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >      **19,000.00**
(Total of this page)

Sheet  **2**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

In re     **Jeffrey A Oppegard,**                               Case No. _____
          **Cheryl L Oppegard**

_____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | | **Misc. Tools and Lawn Care Items** | **H** | **100.00** |
| 35. Other personal property of any kind not already listed. Itemize. | **X** | | | |

|  |  |  |
|---|---|---|
| | Sub-Total > | **100.00** |
| | (Total of this page) | |
| | Total > | **29,473.00** |

Sheet __**3**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

                                    (Report also on Summary of Schedules)

In re    **Jeffrey A Oppegard,**                                Case No. _____

            **Cheryl L Oppegard**

_____,
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| **Real Property located in Burnett County, Wisconsin legally described as follows, to-wit: A parcel of land all in Government Lot Two (2) of Section Twenty-three (23), Township Thirty-nine (39) North, of Range Sixteen (16) West, and described as follows: Starting at the concrete monument marking Meander Corner Number One (1) on the North line of said Government Lot 2, at the Shore of Bass Lake, thence South 11°30' East 302 feet to the point of beginning of the parcel herein described; thence South 9°15' West 110 feet, thence East parallel to and 400 feet from the North line of said Government Lot 2 approximately 340 feet to the Shore of Bass Lake, thene Northwesterly along lake shore to a line running East from the point of beginning and parallel to the North line of said Government Lot 2, thence West approximately 170 feet to the point of beginning, said land being situate in Burnett County, Wisconsin.** | 11 U.S.C. § 522(d)(5) | 0.00 | 164,400.00 |
| **25960 Laib Lane, Webster WI 54893 (Sheriff Sale May 25th 2010)** | | | |
| **Real Property located in Dakota County, Minnesota legally described as follows, to-wit: Lot 10, Block 2, Valdness Subdivision, Dakota County, Minnesota.** | 11 U.S.C. § 522(d)(5) | 2,158.00 | 199,000.00 |
| **1282 and 1284 Bidwell Street, West St. Paul MN (sheriff sale June 4, 2010)** | | | |
| **Cash on Hand** | | | |
| **Cash** | 11 U.S.C. § 522(d)(5) | 25.00 | 25.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Wells Fargo Bank Checking and Savings Account** | 11 U.S.C. § 522(d)(5) | 5.00 | 5.00 |
| **MN Building Trades Savings Account** | 11 U.S.C. § 522(d)(5) | 25.00 | 25.00 |
| **TCF Bank Savings Accounts (Custodial accounts for her children)** | 11 U.S.C. § 522(d)(5) | 4.00 | 4.00 |
| **Wells Fargo Bank Savings** | 11 U.S.C. § 522(d)(5) | 14.00 | 14.00 |
| **Household Goods and Furnishings** | | | |
| **Household goods** | 11 U.S.C. § 522(d)(3) | 5,000.00 | 5,000.00 |

    **1**   continuation sheets attached to Schedule of Property Claimed as Exempt

In re    **Jeffrey A Oppegard,**        Case No. _____
         **Cheryl L Oppegard**

                                           ,
                                    Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Wearing Apparel** | | | |
| **Wearing Apparel** | **11 U.S.C. § 522(d)(3)** | **500.00** | **500.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **401 (K) $189,000 (Not property of Bankrutpcy Estate)** | **11 U.S.C. § 522(d)(10)(E)** | **0.00** | **0.00** |
| **Stock and Interests in Businesses** | | | |
| **She owns 100 % interest in Home 2 Home Realty LLC** | **11 U.S.C. § 522(d)(5)** | **0.00** | **0.00** |
| **She has 16 shares of stock in 3M. Each Share is worth $300.00** | **11 U.S.C. § 522(d)(5)** | **4,800.00** | **4,800.00** |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **She has judgments against past tennants in the amount of approx. $12,000 (Not collectible)** | **11 U.S.C. § 522(d)(5)** | **0.00** | **0.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2003 Buick Rendevous** | **11 U.S.C. § 522(d)(2)** | **200.00** | **3,500.00** |
| **2001 Chevy Silverado (150,000 miles)** | **11 U.S.C. § 522(d)(2)** | **3,000.00** | **3,000.00** |
| **2000 Heritage Springer** | **11 U.S.C. § 522(d)(5)** | **7,000.00** | **7,000.00** |
| **1996 Road King** | **11 U.S.C. § 522(d)(5)** | **5,000.00** | **5,000.00** |
| **Boats, Motors and Accessories** | | | |
| **1981 Boat/Motor/Trailer** | **11 U.S.C. § 522(d)(5)** | **500.00** | **500.00** |
| **Farm Supplies, Chemicals, and Feed** | | | |
| **Misc. Tools and Lawn Care Items** | **11 U.S.C. § 522(d)(5)** | **100.00** | **100.00** |

                                            Total:      **28,331.00**      **392,873.00**

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   **Jeffrey A Oppegard,**
        **Cheryl L Oppegard**

Case No. _____

Debtors ,

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxxV320**<br><br>**ASSOCIATED BANK**<br>**PO BOX 3119**<br>**MILWAUKEE, WI 53201-3119** | | | | J | 2008<br><br>**2ND MORTGAGE**<br><br>**REAL PROPERTY** | | | | | |
| | | | | | Value $      **164,400.00** | | | | 60,000.00 | 24,600.00 |
| Account No.<br><br>**DELAWARE FUNDING**<br>**C/O KELLY V GRIFFITTS**<br>**8300 NORMAN CTR DR STE 710**<br>**BLOOMINGTON, MN 55437-1045** | | | | J | 2008<br><br>**MORTGAGE**<br><br>**REAL PROPERTY** | | | | | |
| | | | | | Value $      **199,000.00** | | | | 195,000.00 | 0.00 |
| Account No.<br><br>**HERSH LAW OFFICES**<br>**10555 N PORT WASHINGTON RD**<br>**MEQUON, WI 53092** | | | | J | 2010<br><br>**SEE LITTON LOAN** | | | | | |
| | | | | | Value $      **0.00** | | | | 0.00 | 0.00 |
| Account No. **xxxV320**<br><br>**LITTON LOAN**<br>**PO BOX 4387**<br>**HOUSTON, TX 77210-4387** | | | | J | 2008<br><br>**1ST MORTGAGE**<br><br>**REAL PROPERTY** | | | | | |
| | | | | | Value $      **164,400.00** | | | | 129,000.00 | 0.00 |

_**1**_ continuation sheets attached

Subtotal
(Total of this page)

| 384,000.00 | 24,600.00 |
|---|---|

In re   **Jeffrey A Oppegard,**
       **Cheryl L Oppegard**                       Case No. _____

                                        Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **6281** <br><br> **QUICK CASH TITLE** <br> **ADDRESS UNKNOWN** | | J | **2009** <br><br> **LOAN** <br><br> **2003 BUICK RENDEZVOUS** <br><br> Value $      **3,500.00** | | | | **3,300.00** | **0.00** |
| Account No. <br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |

Sheet  **1**  of  **1**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal <br> (Total of this page) | **3,300.00** | **0.00** |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | **387,300.00** | **24,600.00** |

In re  **Jeffrey A Oppegard,**
       **Cheryl L Oppegard**

                              Debtors

Case No. _____

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                   **0**    continuation sheets attached

In re **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

_____,

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | |
| Account No. xxxx1308 <br><br> **ACN** <br> **1000 PROGRESS PLACE** <br> **CONCORD, NC 28025** | | | | J | | **2009** <br> **SERVICES** | | | 423.00 |
| Account No. xxx1876 <br><br> **ACN** <br> **411 3RD ST** <br> **GWINN, MI 49841** | | | | J | | **2009** <br> **SERVICES** | | | 57.00 |
| Account No. xxxx5968 <br><br> **ALLIED INTERSTATE** <br> **PO BOX 361774** <br> **COLUMBUS, OH 43236** | | | | J | | **2009** <br> **SEE PUBLIC STORAGE** | | | 0.00 |
| Account No. xxxxxxx4463 <br><br> **ALLIED WASTE** <br> **9813 FLYING CLOUD DRIVE** <br> **EDEN PRAIRIE, MN 55347** | | | | J | | **2009** <br> **SERVICES** | | | 114.00 |

The DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE.

__17__ continuation sheets attached

Subtotal (Total of this page) — 594.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

In re **Jeffrey A Oppegard,**
      **Cheryl L Oppegard**

Case No. _____

_____ ,
                         Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **VARIOUS** <br><br> **ALLINA HOSP & CLINICS** <br> **PO BOX 43 DEPT 10200** <br> **MINNEAPOLIS, MN 55440-0043** | | J | **2009** <br> **SERVICES** | | | | 22,624.00 |
| Account No. **xxxx xxxxxx x1002** <br><br> **AMERICAN EXPRESS** <br> **PO BOX 0001** <br> **LOS ANGELES, CA 90096-0001** | | J | **2006** <br> **CREDIT CARD** | | | | 3,205.00 |
| Account No. <br><br> **ANDREW MESSNER** <br> **C/O DAVID S HOLMAN** <br> **201 TRAVELERS TRAIL STE 225** <br> **BURNSVILLE, MN 55337** | | J | **2009** <br> **LOAN** | | | | 7,656.00 |
| Account No. **xxxx9722** <br><br> **ASSET ACCEPTANCE LLC** <br> **PO BOX 2036** <br> **WARREN, MI 48090-2036** | | J | **2009** <br> **SEE XCEL ENERGY** | | | | 0.00 |
| Account No. **x6071** <br><br> **ASSOCIATED BANK** <br> **PO BOX 3119** <br> **MILWAUKEE, WI 53201-3119** | | J | **2009** <br> **OVERDRAWN ACCOUNT** | | | | 3,252.00 |

Sheet no. __1__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

36,737.00

In re **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx8946** <br><br> **ASSOCIATED BANK** <br> **PO BOX 3119** <br> **MILWAUKEE, WI 53201-3119** | | J | **2008** <br> **JUDGMENT** | | | | **221,402.00** |
| Account No. <br><br> **AVELO MORTGAGE** <br> **AKA LITTON LOAN** <br> **PO BOX 4387** <br> **HOUSTON, TX 77210-4387** | | J | **2007** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. <br><br> **AVELO MORTGAGE** <br> **AKA LITTON LOAN** <br> **PO BOX 4387** <br> **HOUSTON, TX 77210-4387** | | J | **2007** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. <br><br> **AVELO MORTGAGE** <br> **C/O LITTON LOAN** <br> **PO BOX 4387** <br> **HOUSTON, TX 77210-4387** | | J | **2007** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. **1161** <br><br> **BAARS MECHANICAL** <br> **6780 BABCOCK TRAIL** <br> **INVER GROVE HEIGHTS, MN 55077** | | J | **2009** <br> **SERVICES** | | | | **974.00** |

Sheet no. __**2**__ of __**17**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**222,376.00**

In re    **Jeffrey A Oppegard,**
         **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>**BANK AMERICA MASTERCARD** <br>**PO BOX 15726** <br>**WILMINGTON, DE 19886-5726** | | J | | 2009 <br>CREDIT CARD | | | | 11,693.00 |
| Account No. **xxxx xxxx xxxx 1139** <br><br>**BANK AMERICA VISA** <br>**PO BOX 15726** <br>**WILMINGTON, DE 19886-5726** | | J | | 2009 <br>CREDIT CARD | | | | 12,556.00 |
| Account No. **xxxxxx4655** <br><br>**BETA FINANCE** <br>**8450 S BROADWAY** <br>**MERRILLVILLE, IN 46410** | | J | | 2006 <br>LOAN | | | | 1,629.00 |
| Account No. <br><br>**BILL RASCHER MECHANICAL** <br>**C/O COMMERCIAL SERVICE CO** <br>**1769 LEXINGTON AVE N STE 320** <br>**ROSEVILLE, MN 55113** | | J | | 2009 <br>SERVICES | | | | 22,151.00 |
| Account No. **xx6177** <br><br>**BINDER HEATING AND AIR** <br>**222 HARDMAN AVE N** <br>**S ST PAUL, MN 55075** | | J | | 2007 <br>SERVICES | | | | 5,752.00 |

Sheet no. __3__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

53,781.00

In re **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **BRIAN SMITH** <br> **ADDRESS UNKNOWN** | | J | | **2009** <br> **LOAN** | | | | **Unknown** |
| Account No. **xxx0923** <br><br> **BUREAU COLLECTION RECOVERY** <br> **7575 CORPORATE WAY** <br> **EDEN PRAIRIE, MN 55345** | | J | | **2009** <br> **SEE ALLIED WASTE/CHASE** | | | | **0.00** |
| Account No. **xxxxxx6382** <br><br> **CABRELL LLC** <br> **ADDRESS UNKNOWN** | | J | | **2008** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. **xx1014** <br><br> **CABRELL LLC** <br> **C/O GRIFFITTS LAW OFFICES** <br> **8053 E BLOOMINGTON FWY STE 300** <br> **BLOOMINGTON, MN 55420** | | J | | **2010** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. **xxxx7214** <br><br> **CALVARY PORTFOLIO LLC** <br> **PO BOX 27288** <br> **TEMPE, AZ 85282-7288** | | J | | **2009** <br> **SEE BANK AMERICA** | | | | **0.00** |

Sheet no. __4__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**0.00**

In re **Jeffrey A Oppegard,**
      **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx7220** <br><br> **CAPITAL ONE VISA** <br> **6125 LAKEVIEW RD** <br> **SUITE 800** <br> **CHARLOTTE, NC 28269-2605** | | J | **2009** <br> **JUDGMENT** | | | | 14,087.00 |
| Account No. **xxx4630** <br><br> **CCB CREDIT SERVICES** <br> **5300 S 6TH STREET RD** <br> **SPRINGFIELD, IL 62703** | | H | **2009** <br> **SEE T MOBILE** | | | | 0.00 |
| Account No. **xxxx xxxx xxxx 7059** <br><br> **CHASE BANK VISA** <br> **201 N WALNUT ST FL 2** <br> **WILMINGTON, DE 19801-2901** | | J | **2009** <br> **CREDIT CARD** | | | | 917.00 |
| Account No. <br><br> **CITI CARDS** <br> **PO BOX 688917** <br> **DES MOINES, IA 50368-8917** | | J | **2009** <br> **CREDIT CARD** | | | | 118.00 |
| Account No. **xxxxxxx0297** <br><br> **COLLECTCORP** <br> **300 INTERNATIONAL DR STE 100** <br> **WILLIAMSVILLE, NY 14221** | | J | **2010** <br> **SEE AMERICA EXPRESS** | | | | 0.00 |

Sheet no. **5** of **17** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

15,122.00

In re **Jeffrey A Oppegard,**
      **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | 2009 SERVICES | | | | |
| COLUMBIA HOUSE PO BOX 91601 INDIANAPOLIS, IN 46291-0601 | J | | | | | | | | 124.00 |
| Account No. xxx1896 | | | | | 2010 SEE BANK AMERICA | | | | |
| CREDITORS FINANCIAL GROUP PO BOX 440290 AURORA, CO 80044-0290 | J | | | | | | | | 0.00 |
| Account No. | | | | | 2009 SERVICES | | | | |
| CTR FOR DIAGNOSTIC IMAGING ADDRESS UNKNOWN | J | | | | | | | | 2,196.00 |
| Account No. xxxx2353 | | | | | 2010 SEE SUMMIT ORTHOPEDICS | | | | |
| D SCOTT ERICKSON & ASSOC 30 N FIRST ST STE 400 MINNEAPOLIS, MN 55401 | J | | | | | | | | 0.00 |
| Account No. xxxxxx4655 | | | | | 2007 SERVICES | | | | |
| DIRECT BUY C/O CENTRAL PORTFOLIO 6640 SHADY OAK RD STE 300 EDEN PRAIRIE, MN 55344-7710 | J | | | | | | | | 1,629.00 |

Sheet no. __6__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,949.00

In re **Jeffrey A Oppegard,**
    **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. xxxxxxx5384<br><br>**DLO EXCAVATING**<br>**ADDRESS UNKNOWN** | | J | | | 2008<br>JUDGMENT | | | | 5,912.00 |
| Account No.<br><br>**EMC MORTAGE**<br>**CORPORATE HDQRTRS**<br>**2780 LAKE VISTA DR**<br>**LEWISVILLE, TX 75067-3884** | | J | | | 2008<br>CONTINGENT LIABILITY | | | | Unknown |
| Account No.<br><br>**EMC MORTAGE**<br>**CORPORATE HDQRTRS**<br>**2780 LAKE VISTA DR**<br>**LEWISVILLE, TX 75067-3884** | | J | | | 2009<br>CONTINGENT LIABILITY | | | | Unknown |
| Account No.<br><br>**EMERGENCY PHYSICIANS**<br>**5435 FELTL RD**<br>**HOPKINS, MN 55343-7983** | | J | | | 2009<br>SERVICES | | | | 106.00 |
| Account No. xxxx3124<br><br>**ER SOLUTIONS**<br>**PO BOX 9004**<br>**RENTON, WA 98057-9004** | | J | | | 2010<br>SEE XCEL ENERGY | | | | 0.00 |

Sheet no. __7__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

6,018.00

In re **Jeffrey A Oppegard,**
    **Cheryl L Oppegard**

Case No. _____

_____,
                         Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**FAIRVIEW HEALTH SVCS**<br>**PO BOX 147**<br>**MINNEAPOLIS, MN 55440-0147** | | J | **2009**<br>**SERVICES** | | | | 363.00 |
| Account No. **xxxx xxxx xxxx 2998**<br><br>**FIRST PREMIER MASTERCARD**<br>**PO BOX 5524**<br>**SIOUX FALLS, SD 57117-5524** | | J | **2008**<br>**CREDIT CARD** | | | | 441.00 |
| Account No. **xxxxx2122**<br><br>**GC SERVICES**<br>**PO BOX 3855**<br>**HOUSTON, TX 77253-3855** | | H | **2009**<br>**SEE T MOBILE** | | | | 0.00 |
| Account No. **xx1998**<br><br>**GURSTEL CHARGO PA**<br>**6681 COUNTRY CLUB DR**<br>**GOLDEN VALLEY, MN 55427** | | J | **2010**<br>**SEE CAPITAL ONE** | | | | 0.00 |
| Account No.<br><br>**HEALTHEAST CARE SYSTEM**<br>**NW 8947**<br>**PO BOX 1450**<br>**MINNEAPOLIS, MN 55485-8947** | | J | **2009**<br>**SERVICES** | | | | 162.00 |

Sheet no. __8__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

966.00

In re **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **xxx8442** | | | | | 2009<br>SEE CHASE | | | | |
| **HILCO RECEIVABLES**<br>**1120 W LAKE COOK RD**<br>**SUITE B**<br>**BUFFALO GROVE, IL 60089-1970** | | J | | | | | | | 0.00 |
| Account No. **xxxx xxxx xxxx 7059** | | | | | 2009<br>SEE CHASE | | | | |
| **IC SYSTEMS INC**<br>**PO BOX 64887**<br>**ST PAUL, MN 55164-0887** | | J | | | | | | | 0.00 |
| Account No. **xxx4112** | | | | | 1991<br>TAX LIEN | | | | |
| **INTERNAL REVENUE SVC**<br>**PO BOX 21126**<br>**PHILADELPHIA, PA 19114** | | J | | | | | | | 2,801.00 |
| Account No. | | | | | 2009<br>LOAN | | | | |
| **JANIE TILSEN**<br>**ADDRESS UNKNOWN** | | J | | | | | | | Unknown |
| Account No. **xxxx8571** | | | | | 2007<br>NSF CHECK | | | | |
| **LOWES**<br>**PO BOX 2510**<br>**TUSCALOOSA, AL 35403-2510** | | J | | | | | | | 257.00 |

Sheet no. __9__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,058.00

In re **Jeffrey A Oppegard,**
       **Cheryl L Oppegard**

Case No. _____

_____,
                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx7603<br><br>**MESSERLI & KRAMER PA**<br>**3033 CAMPUS DR STE 250**<br>**PLYMOUTH, MN 55441** | | J | **2010**<br>**SEE PRIME SECURITY BANK** | | | | 0.00 |
| Account No. x8104<br><br>**METRO UROLOGIST**<br>**SDS 12 1849**<br>**PO BOX 86**<br>**MINNEAPOLIS, MN 55486** | | J | **2009**<br>**SERVICES** | | | | 149.00 |
| Account No. xxxxx8878<br><br>**MITCHELL N KAY ATTY**<br>**7 PENN PLAZA 18TH FL**<br>**NEW YORK, NY 10001** | | J | **2009**<br>**SEE T MOBILE** | | | | 0.00 |
| Account No.<br><br>**MOBIL**<br>**PO BOX 103141**<br>**ROSWELL, GA 30076-9341** | | J | **2009**<br>**CREDIT CARD** | | | | 276.00 |
| Account No. xxxx5667<br><br>**MONCO LAW OFFICES**<br>**PO BOX 1641**<br>**BROOKFIELD, WI 53008** | | J | **2010**<br>**SEE ASSOCIATED BANK** | | | | 0.00 |

Sheet no. __10__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

425.00

In re **Jeffrey A Oppegard,**
　　　**Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx0141** <br><br> **NCO FINANCIAL** <br> **PO BOX 15740** <br> **WILMINGTON, DE 19850-5740** | | J | | | **2009** <br> **SEE ACN** | | | | 0.00 |
| Account No. **xx3128** <br><br> **NCO FINANCIAL** <br> **PO BOX 15740** <br> **WILMINGTON, DE 19850-5740** | | J | | | **2010** <br> **SEE AMERICAN EXPRESS** | | | | 0.00 |
| Account No. **xxx8852** <br><br> **NUTRA LANE** <br> **6452 FIG ST UNIT A** <br> **ARVADA, CO 80004** | | J | | | **2009** <br> **SERVICES** | | | | 80.00 |
| Account No. <br><br> **PACE** <br> **ADDRESS UNKNOWN** | | J | | | **2009** <br> **SERVICES** | | | | 227.00 |
| Account No. <br><br> **PARK NICOLLET CLINIC** <br> **PO BOX 9104** <br> **MINNEAPOLIS, MN 55480-9104** | | J | | | **2009** <br> **SERVICES** | | | | Unknown |

Sheet no. __11__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**307.00**

In re    **Jeffrey A Oppegard,**
        **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>**PETERSON FRAM BERGMAN** <br>**55 5TH ST E  STE 800** <br>**ST PAUL, MN 55101-1718** | | J | | **2007** <br>**SEE AVELO MORTGAGE** | | | | **0.00** |
| Account No. **xxxx1518** <br><br>**PINNACLE FINANCIAL** <br>**7825 WASHINGTON AVE S** <br>**SUITE 410** <br>**EDINA, MN 55439** | | J | | **2009** <br>**SEE ST PAUL RADIOLOGY/MOBIL** | | | | **0.00** |
| Account No. **xxxxxx1496** <br><br>**PREVENTION** <br>**PO BOX 8461** <br>**RED OAK, IA 51591-1461** | | J | | **2008** <br>**SERVICES** | | | | **16.00** |
| Account No. **xxxxxxxx7603** <br><br>**PRIME SECURITY BANK** <br>**1305 VIERLING DR** <br>**SHAKOPEE, MN 55379** | | J | | **2009** <br>**EVICTION SUMMONS** | | | | **Unknown** |
| Account No. **xxxx7099** <br><br>**PUBLIC STORAGE** <br>**415 MARIE AVE E** <br>**W ST PAUL, MN 55118-4074** | | J | | **2009** <br>**SERVICES** | | | | **320.00** |

Sheet no. __**12**__ of __**17**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**336.00**

In re    **Jeffrey A Oppegard,**
         **Cheryl L Oppegard**                                     ,      Case No. _____

                                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx5953**<br><br>RECEIVABLES PERFORMANCE<br>P.O. BOX 768<br>BOTHELL, WA 98041 | | J | 2009<br>SEE T MOBILE | | | | 0.00 |
| Account No.<br><br>REGIONS HOSPITAL<br>NW 3969<br>PO BOX 1450<br>MINNEAPOLIS, MN 55485-3969 | | J | 2009<br>SERVICES | | | | 5,316.00 |
| Account No.<br><br>REITER & SCHILLER ATTYS<br>25 N DALE ST<br>ST PAUL, MN 55102 | | J | 2007<br>SEE WILSHIRE CREDIT CORP | | | | 0.00 |
| Account No. **xxxxxxxxxxx6213**<br><br>RMS<br>PO BOX 523<br>RICHFIELD, OH 44286 | | J | 2010<br>SEE WASTE MANAGEMENT | | | | 0.00 |
| Account No. **VARIOUS**<br><br>ST PAUL RADIOLOGY<br>166 4TH ST E<br>ST PAUL, MN 55101 | | J | 2009<br>SERVICES | | | | 630.00 |

Sheet no. \_\_**13**\_\_ of \_\_**17**\_\_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims            Subtotal   (Total of this page)      **5,946.00**

In re **Jeffrey A Oppegard,**
    **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**STEVE JORGENSON**<br>**ADDRESS UNKNOWN** | | J | 2007<br>LOAN | | | | 38,850.00 |
| Account No.<br><br>**SUBURBAN RADIOLOGIC**<br>**4801 W 81ST ST STE 108**<br>**MINNEAPOLIS, MN 55437-1191** | | J | 2009<br>SERVICES | | | | 24.00 |
| Account No. **xx8536**<br><br>**SUMMIT ORTHOPEDICS**<br>**PO BOX 65338**<br>**ST PAUL, MN 55165** | | J | 2009<br>SERVICES | | | | 540.00 |
| Account No. **VARIOUS**<br><br>**T MOBILE**<br>**PO BOX 742596**<br>**CINCINNATI, OH 45274-2596** | | J | 2009<br>SERVICES | | | | 2,204.00 |
| Account No. **x3383**<br><br>**THE ORAL SURGERY CENTER**<br>**8401 SEASONS OKWY**<br>**WOODBURY, MN 55125** | | J | 2005<br>SERVICES | | | | 226.00 |

Sheet no. __14__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)
   **41,844.00**

In re **Jeffrey A Oppegard,**
      **Cheryl L Oppegard**

Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx8981** <br><br> **TRINSIC MATRIX TELECOM PO BOX 60091 NEW ORLEANS, LA 70160-0091** | | J | 2009 SERVICES | | | | 206.00 |
| Account No. **xx3969** <br><br> **TROJE TRASH C/O MILLENIUM CREDIT PO BOX 18160 W ST PAUL, MN 55118-0160** | | J | 2009 SERVICES | | | | 485.00 |
| Account No. <br><br> **TRUGREEN CHEMLAWN PO BOX 271090 ST PAUL, MN 55127-1090** | | J | 2009 SERVICES | | | | 159.00 |
| Account No. **xxxxx47N1** <br><br> **UNBELIEVABLE 60 SKIN CARE C/O ALLIED COLLECTION 7120 HAYVENHURST AVE VAN NUYS, CA 91406** | | J | 2008 NSF CHECK | | | | 69.00 |
| Account No. **xxxx6121** <br><br> **UNITED COLLECTION 5620 SOUTHWYCK BLVD STE 206 TOLEDO, OH 43614** | | J | 2010 SEE BANK AMERICA | | | | 0.00 |

Sheet no. __15__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **919.00**

In re **Jeffrey A Oppegard,**
      **Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxx8878**<br><br>**VALENTINE & KEBARTAS**<br>**PO BOX 325**<br>**LAWRENCE, MA 01842-0625** | | J | 2010<br>SEE T MOBILE | | | | 0.00 |
| Account No.<br><br>**WASTE MANAGEMENT**<br>**PO BOX 79168**<br>**PHOENIX, AZ 85062-9168** | | J | 2009<br>SERVICES | | | | 106.00 |
| Account No.<br><br>**WILFORD & GESKE PA**<br>**SEASONS OFFICE BLDG**<br>**8425 SEASONS PKWY #105**<br>**WOODBURY, MN 55125** | | J | 2008<br>SEE EMC | | | | 0.00 |
| Account No. **xx2530**<br><br>**WILSHIRE CREDIT CORP**<br>**PO BOX 8517**<br>**PORTLAND, OR 97207-8517** | | J | 2007<br>CONTINGENT LIABILITY | | | | Unknown |
| Account No. **xx2512**<br><br>**WILSHIRE CREDIT CORP**<br>**PO BOX 8517**<br>**PORTLAND, OR 97207-8517** | | J | 2005<br>CONTINGENT LIABILITY | | | | Unknown |

Sheet no. __16__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

106.00

In re **Jeffrey A Oppegard,**
**Cheryl L Oppegard**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx2522** <br><br> **WILSHIRE CREDIT CORP** <br> **PO BOX 8517** <br> **PORTLAND, OR 97207-8517** | | J | | **2007** <br> **CONTINGENT LIABILITY** | | | | **Unknown** |
| Account No. **xxxxxx4188** <br><br> **XCEL ENERGY** <br> **3215 COMMERCE ST** <br> **LA CROSSE, WI 54603** | | J | | **2009** <br> **SERVICES** | | | | **1,587.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __17__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal <br> (Total of this page) | **1,587.00** |
| Total <br> (Report on Summary of Schedules) | **394,071.00** |

In re   **Jeffrey A Oppegard,**
           **Cheryl L Oppegard**

Case No. _____

Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
\_\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re    **Jeffrey A Oppegard,**
       **Cheryl L Oppegard**        Case No. _____

                                   Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

In re   **Jeffrey A Oppegard**
        **Cheryl L Oppegard**                     Case No. _____

                           Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):   **Daughter**       **Son** | AGE(S):  **15**   **16** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Glazier** | **Gate Agent** |
| Name of Employer | **Brin Northwestern Glass** | **Regional Elite** |
| How long employed | **15 Years** | **2 Years** |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **5,257.00** | $ | **772.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **5,257.00** | $ | **772.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **1,170.00** | $ | **90.00** |
|    b. Insurance | $ | **0.00** | $ | **0.00** |
|    c. Union dues | $ | **50.00** | $ | **0.00** |
|    d. Other (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,220.00** | $ | **90.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **4,037.00** | $ | **682.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **4,037.00** | $ | **682.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | **4,719.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re     **Jeffrey A Oppegard**
     **Cheryl L Oppegard**                           Case No.
                                      Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,000.00 |
|    a. Are real estate taxes included?      Yes ___     No **X** | | |
|    b. Is property insurance included?     Yes ___     No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 150.00 |
|             b. Water and sewer | $ | 35.00 |
|             c. Telephone | $ | 0.00 |
|             d. Other  **See Detailed Expense Attachment** | $ | 522.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 30.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|             a. Homeowner's or renter's | $ | 10.00 |
|             b. Life | $ | 0.00 |
|             c. Health | $ | 0.00 |
|             d. Auto | $ | 160.00 |
|             e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|             a. Auto | $ | 0.00 |
|             b. Other | $ | 0.00 |
|             c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 2,118.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 6,025.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 4,719.00 |
| b.   Average monthly expenses from Line 18 above | $ | 6,025.00 |
| c.   Monthly net income (a. minus b.) | $ | -1,306.00 |

In re   **Jeffrey A Oppegard**
      **Cheryl L Oppegard**                    Case No. _____

                               Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Gas/Fuel oil | $ | 200.00 |
| Garbage | $ | 22.00 |
| cell phone | $ | 160.00 |
| cable TV/Intenet/Phone | $ | 140.00 |
| **Total Other Utility Expenditures** | $ | **522.00** |

**Other Expenditures:**

| | | |
|---|---|---:|
| periodical/newspaper | $ | 20.00 |
| postage | $ | 10.00 |
| personal care, toiletries, cleaning supplies, etc. | $ | 100.00 |
| pet expenses | $ | 50.00 |
| work related lunches | $ | 100.00 |
| School Lunches | $ | 172.00 |
| School Activities | $ | 100.00 |
| Tuition | $ | 1,566.00 |
| **Total Other Expenditures** | $ | **2,118.00** |

# United States Bankruptcy Court
## District of Minnesota

In re     **Jeffrey A Oppegard**
**Cheryl L Oppegard**

_____

                     Debtor(s)

Case No. _____

Chapter    **7** _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of     **35**     sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **May 24, 2010** _____

Signature    **/s/ Jeffrey A Oppegard** _____
**Jeffrey A Oppegard**
Debtor

Date   **May 24, 2010** _____

Signature    **/s/ Cheryl L Oppegard** _____
**Cheryl L Oppegard**
Joint Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Minnesota

In re    **Jeffrey A Oppegard**
       **Cheryl L Oppegard**                           Case No.

                               Debtor(s)            Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's
☐       business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$24,817.00** | **HIS 2010 YTD GROSS INCOME** |
| **$4,417.00** | **HER 2010 YTD GROSS INCOME** |
| **$73,460.00** | **HIS 2009 GROSS INCOME** |
| **$23,953.00** | **HER 2009 GROSS INCOME** |
| **$9,649.00** | **HER 2008 GROSS INCOME** |
| **$80,523.00** | **HIS 2008 GROSS INCOME** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | 2009 Tax Refund |
| | Federal $10,286.00 |
| | State $2,449.00 |
| $0.00 | 2008 Tax Refund |
| | Federal $10,560.00 |
| | State $2,748.00 |

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Capital One Bank v. Jeff and Cheryl Oppegard Court File No. 19HA-CV-09-7220** | **Contract claim for failure to pay creditors** | **First judicial District** | **Judgment in favor of plaintiff** |
| **First National Bank, now known as Associated Bank vs. Jeffrey A. Oppegard and Cherly L. Oppegard Court File No. 19HA-CV-08-946** | **Contract claim for failure to pay creditor** | **First Judicial District, Dakota County MN** | **Pending** |
| **MTGLQ Investors I.P., vs. Jeffrey and Cheryl Oppegard and First National Bank of Hudson Court File No. 08-CV-320** | **Contract claim for failure to pay creditor** | **State of Wisconsin, Burnett County Circuit Court** | **Pending** |
| **Summit Orthopedics LTD. vs. Cheryl Oppegard Court File No.** | **Contract claim for failure to pay creditor** | **First Judicial District, Dakota County MN** | **Pending** |
| **Andrew Messner vs. Cheryl Oppegard Court File No.** | **Contract claim for failure to pay creditor** | **First Judicial District, Dakota County MN** | **Pending** |

None
■

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
☐

    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **EMC MORTAGE CORPORATE HDQRTRS 2780 LAKE VISTA DR LEWISVILLE, TX 75067-3884** | **September 15, 2006** | **Foreclosed on property located at 298 E. Bernard St. West. St. Paul MN 55118 Valued at $164,000** |
| **AVELO MORTGAGE** | **July 24, 2007** | **Foreclosed on property located at 1344 Allen Ave, West St. Paul MN 55118. Valued at approximately $159,000** |
| **AVELO MORTGAGE** | **July 24, 2007** | **Foreclosed on property located at 614 15th Ave N, So. St. Paul MN valued at approximately $149,500** |

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **WILSHIRE CREDIT CORP PO BOX 8517 PORTLAND, OR 97207-8517** | **March 13, 2008** | **Foreclosed on property located at 1924 55th Street Ct. Inver Grove heights, MN valued at $122,195.00** |
| **WILSHIRE CREDIT CORP PO BOX 8517 PORTLAND, OR 97207-8517** | **September 6, 2007** | **Property located at 1926 55th Street Ct., Inver Grove Heights, MN valued at approximately $121,925.00** |
| **EMC MORTAGE CORPORATE HDQRTRS 2780 LAKE VISTA DR LEWISVILLE, TX 75067-3884** | **September 15, 2006** | **Foreclosed on property located at Carrie Street, West St. Paul MN 55118. Valued at approximately $163,959.00** |
| **WILSHIRE CREDIT CORP PO BOX 8517 PORTLAND, OR 97207-8517** | **February 28, 2008** | **Foreclosed on property located at 180 Westchester Dr. West. St. Paul MN 55118** |
| **CABRELL LLC** | **2008** | **Foreclosed on property located at Emerson Ave. West St. Paul MN 55118 valued at approximately $285,000** |
| | | **They also foreclosed on property located at Carrie Street, West St. Paul** |
| **CABRELL LLC** | **2008** | **Foreclosed on property located at Valley View Ct. West. St. Paul MN 55118 valued at $35,000** |
| **PRIME SECURITY BANK** | **September 30, 2009** | **Foreclosed on properties located at Livingston, West St. Paul, MN 55118, Page Street, Concord West. St. Paul and 1044 Brompton Place, Mendota Heights MN 55118.** |
| **AVELO MORTGAGE** | **December 14, 2006** | **Foreclosed on property located at 1546 Christensen Ave, West, St. Paul MN 55118** |

---

**6. Assignments and receiverships**

None
☐

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| **Quick Title** | **December 2009** | **I gave the title and keys to my Buick Rendezvous to Quick Title in exchange for $3,000. I am currently supposed to be making payments in the amount of $500 a month to him, but have not been able to.** |
| **Benepartum Law Group Mendota Heights, MN** | **April 2010** | **She assigned her right to collect on a debt out under the lawsuit Cheryl Oppegard vs. James Dixon Court File No. 19WS-CO-08-123. She was still owed $6,300 when she signed the assignment paperwork. She owed Benepartum $8,800.00.** |

None
■
   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **INCHARGE EDUCATION FOUNDATION 2101 PARK CENTER DR, SUITE 310 ORLANDO, FL 32835** | **5/22/2010** | **$30.00 Credit Counseling Certification** |
| **PRESCOTT & PEARSON PA 443 OLD HWY 8 PO BOX 120088 NEW BRIGHTON, MN 55112** | **5/24/2010** | **$1701.00 Attorney fee; $299.00 Court filing fee** |

**10. Other transfers**

None
☐
   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **PRIME SECURITY BANK** | | **We had a contract for deed signed to purchase the property we are currently living at on Brompton. The vendor breached the contract and signed the property back over to the bank with a deed in lieu of foreclosure.** |

None ■    b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11. Closed financial accounts**

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **TCF BANK**<br>**801 MARQUETTE AVE**<br>**MINNEAPOLIS, MN 55402** | | **March 2010 - Closed by financial institution due to insuffcent funds** |

---

**12. Safe deposit boxes**

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13. Setoffs**

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14. Property held for another person**

None ■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15. Prior address of debtor**

None ■    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **Home 2 Home Realty** | | | **She is a real estate broker and sells real estate** | **Current** |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                  ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ■ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                  DATES SERVICES RENDERED

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                  ADDRESS                  DATES SERVICES RENDERED

None ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                  ADDRESS

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                  DATE ISSUED

**20. Inventories**

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY         INVENTORY SUPERVISOR         DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                  NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None
■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                              NATURE OF INTEREST                       PERCENTAGE OF INTEREST

None
■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                              TITLE                       NATURE AND PERCENTAGE
                                                                          OF STOCK OWNERSHIP

### 22 . Former partners, officers, directors and shareholders

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                                          ADDRESS                     DATE OF WITHDRAWAL

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                              TITLE                       DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                                 DATE AND PURPOSE            AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR                        OF WITHDRAWAL              OR DESCRIPTION AND
                                                                         VALUE OF PROPERTY

### 24. Tax Consolidation Group.

None
■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                               TAXPAYER IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None
■   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                     TAXPAYER IDENTIFICATION NUMBER (EIN)

# DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **May 24, 2010**      Signature **/s/ Jeffrey A Oppegard**

**Jeffrey A Oppegard**
Debtor

Date **May 24, 2010**      Signature **/s/ Cheryl L Oppegard**

**Cheryl L Oppegard**
Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## District of Minnesota

In re **Jeffrey A Oppegard**
      **Cheryl L Oppegard**

Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:**<br>**ASSOCIATED BANK** | **Describe Property Securing Debt:**<br>**REAL PROPERTY** |

Property will be (check one):

■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):

■ Claimed as Exempt                    ☐ Not claimed as exempt

---

Property No. 2

| **Creditor's Name:**<br>**DELAWARE FUNDING** | **Describe Property Securing Debt:**<br>**REAL PROPERTY** |

Property will be (check one):

■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):

■ Claimed as Exempt                    ☐ Not claimed as exempt

---

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**LITTON LOAN** | **Describe Property Securing Debt:**<br>**REAL PROPERTY** |

Property will be (check one):
- ■ Surrendered          □ Retained

If retaining the property, I intend to (check at least one):
- □ Redeem the property
- □ Reaffirm the debt
- □ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt          □ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**QUICK CASH TITLE** | **Describe Property Securing Debt:**<br>**2003 BUICK RENDEZVOUS** |

Property will be (check one):
- □ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- □ Redeem the property
- ■ Reaffirm the debt
- □ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt          □ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>□ YES          □ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **May 24, 2010** _____          Signature   **/s/ Jeffrey A Oppegard** _____
                                                                  **Jeffrey A Oppegard**
                                                                  Debtor

Date   **May 24, 2010** _____          Signature   **/s/ Cheryl L Oppegard** _____
                                                                  **Cheryl L Oppegard**
                                                                  Joint Debtor

**Form 1007-1 - Statement Of Compensation By Debtor's Attorney**

# United States Bankruptcy Court
### District of Minnesota

In re    **Jeffrey A Oppegard**
       **Cheryl L Oppegard**                       Case No. _____

                                      Debtor(s)            Chapter     **7**

## STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR(S)

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) & § 329(a) of the Bankruptcy Code, states that:

1.    The undersigned is the attorney for the debtor(s) in this case and files this statement as required by applicable rules.

2.    (a)    The filing fee paid by the undersigned to the clerk for the debtor(s) in this case is:    $ _____ **0.00**

       (b)    The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:    $ _____ **0.00**

       (c)    Prior to filing this statement, the debtor(s) paid to the undersigned:    $ _____ **0.00**

       (d)    The unpaid balance due and payable by the debtor(s) to the undersigned is:    $ _____ **0.00**

3.    The services rendered or to be rendered include the following:
   (a) analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code;
   (b) preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court;
   (c) representation of the debtor(s) at the meeting of creditors;
   (d) negotiations with creditors; and
   (e) other services reasonably necessary to represent the debtor(s) in this case.

4.    The source of all payments by the debtor(s) to the undersigned was or will be from earnings or other current compensation of the debtor(s), and the undersigned has not received and will not receive any transfer of property other than such payments by the debtor(s), except as follows:

5.    The undersigned has not shared or agreed to share with any other person other than with members of undersigned's law firm any compensation paid or to be paid.

**Addendum to item 3**
**(e) This fee agreement also provides for negotiations with creditors on behalf of the debtor(s).**

Dated:   **May 24, 2010** _____     Signed:   **/s/ Melanie A Johnson** _____
                                                                **Melanie A Johnson 387782**

                                                                 Attorney for Debtor(s)
                                                                  **Prescott & Pearson, P.A.**

                                                                  **Po Box 120088**
                                                                  **New Brighton, MN 55112-0088**
                                                                  **(651) 633-2757**

LOCAL RULE REFERENCE: 1007-1

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

# United States Bankruptcy Court
## District of Minnesota

In re    **Jeffrey A Oppegard**
      **Cheryl L Oppegard**                           Case No.
                                  Debtor(s)             Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Jeffrey A Oppegard**
**Cheryl L Oppegard**                       X   **/s/ Jeffrey A Oppegard**            **May 24, 2010**
Printed Name(s) of Debtor(s)                      Signature of Debtor                  Date

Case No. (if known)                              X   **/s/ Cheryl L Oppegard**              **May 24, 2010**
                                       Signature of Joint Debtor (if any)        Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## District of Minnesota

In re   **Jeffrey A Oppegard**
**Cheryl L Oppegard**

               Debtor(s)

Case No.

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  **May 24, 2010**

/s/ **Jeffrey A Oppegard**
**Jeffrey A Oppegard**
Signature of Debtor

Date:  **May 24, 2010**

/s/ **Cheryl L Oppegard**
**Cheryl L Oppegard**
Signature of Debtor

ACN
1000 PROGRESS PLACE
CONCORD NC 28025


ACN
411 3RD ST
GWINN MI 49841


ALLIED INTERSTATE
PO BOX 361774
COLUMBUS OH 43236


ALLIED WASTE
9813 FLYING CLOUD DRIVE
EDEN PRAIRIE MN 55347


ALLINA HOSP & CLINICS
PO BOX 43 DEPT 10200
MINNEAPOLIS MN 55440-0043


AMERICAN EXPRESS
PO BOX 0001
LOS ANGELES CA 90096-0001


ANDREW MESSNER
C/O DAVID S HOLMAN
201 TRAVELERS TRAIL STE 225
BURNSVILLE MN 55337


ASSET ACCEPTANCE LLC
PO BOX 2036
WARREN MI 48090-2036


ASSOCIATED BANK
PO BOX 3119
MILWAUKEE WI 53201-3119

```
ASSOCIATED BANK
PO BOX 3119
MILWAUKEE WI 53201-3119


ASSOCIATED BANK
PO BOX 3119
MILWAUKEE WI 53201-3119


AVELO MORTGAGE
AKA LITTON LOAN
PO BOX 4387
HOUSTON TX 77210-4387


AVELO MORTGAGE
AKA LITTON LOAN
PO BOX 4387
HOUSTON TX 77210-4387


AVELO MORTGAGE
C/O LITTON LOAN
PO BOX 4387
HOUSTON TX 77210-4387


BAARS MECHANICAL
6780 BABCOCK TRAIL
INVER GROVE HEIGHTS MN 55077


BANK AMERICA MASTERCARD
PO BOX 15726
WILMINGTON DE 19886-5726


BANK AMERICA VISA
PO BOX 15726
WILMINGTON DE 19886-5726


BETA FINANCE
8450 S BROADWAY
MERRILLVILLE IN 46410
```

BILL RASCHER MECHANICAL
C/O COMMERCIAL SERVICE CO
1769 LEXINGTON AVE N STE 320
ROSEVILLE MN 55113


BINDER HEATING AND AIR
222 HARDMAN AVE N
S ST PAUL MN 55075


BRIAN SMITH
ADDRESS UNKNOWN


BUREAU COLLECTION RECOVERY
7575 CORPORATE WAY
EDEN PRAIRIE MN 55345


CABRELL LLC
ADDRESS UNKNOWN


CABRELL LLC
C/O GRIFFITTS LAW OFFICES
8053 E BLOOMINGTON FWY STE 300
BLOOMINGTON MN 55420


CALVARY PORTFOLIO LLC
PO BOX 27288
TEMPE AZ 85282-7288


CAPITAL ONE VISA
6125 LAKEVIEW RD
SUITE 800
CHARLOTTE NC 28269-2605


CCB CREDIT SERVICES
5300 S 6TH STREET RD
SPRINGFIELD IL 62703

CHASE BANK VISA
201 N WALNUT ST FL 2
WILMINGTON DE 19801-2901


CITI CARDS
PO BOX 688917
DES MOINES IA 50368-8917


COLLECTCORP
300 INTERNATIONAL DR STE 100
WILLIAMSVILLE NY 14221


COLUMBIA HOUSE
PO BOX 91601
INDIANAPOLIS IN 46291-0601


CREDITORS FINANCIAL GROUP
PO BOX 440290
AURORA CO 80044-0290


CTR FOR DIAGNOSTIC IMAGING
ADDRESS UNKNOWN


D SCOTT ERICKSON & ASSOC
30 N FIRST ST STE 400
MINNEAPOLIS MN 55401


DELAWARE FUNDING
C/O KELLY V GRIFFITTS
8300 NORMAN CTR DR STE 710
BLOOMINGTON MN 55437-1045


DIRECT BUY
C/O CENTRAL PORTFOLIO
6640 SHADY OAK RD STE 300
EDEN PRAIRIE MN 55344-7710

DLO EXCAVATING
ADDRESS UNKNOWN


EMC MORTAGE
CORPORATE HDQRTRS
2780 LAKE VISTA DR
LEWISVILLE TX 75067-3884


EMC MORTAGE
CORPORATE HDQRTRS
2780 LAKE VISTA DR
LEWISVILLE TX 75067-3884


EMERGENCY PHYSICIANS
5435 FELTL RD
HOPKINS MN 55343-7983


ER SOLUTIONS
PO BOX 9004
RENTON WA 98057-9004


FAIRVIEW HEALTH SVCS
PO BOX 147
MINNEAPOLIS MN 55440-0147


FIRST PREMIER MASTERCARD
PO BOX 5524
SIOUX FALLS SD 57117-5524


GC SERVICES
PO BOX 3855
HOUSTON TX 77253-3855


GURSTEL CHARGO PA
6681 COUNTRY CLUB DR
GOLDEN VALLEY MN 55427

HEALTHEAST CARE SYSTEM
NW 8947
PO BOX 1450
MINNEAPOLIS MN 55485-8947


HERSH LAW OFFICES
10555 N PORT WASHINGTON RD
MEQUON WI 53092


HILCO RECEIVABLES
1120 W LAKE COOK RD
SUITE B
BUFFALO GROVE IL 60089-1970


IC SYSTEMS INC
PO BOX 64887
ST PAUL MN 55164-0887


INTERNAL REVENUE SVC
PO BOX 21126
PHILADELPHIA PA 19114


JANIE TILSEN
ADDRESS UNKNOWN


LITTON LOAN
PO BOX 4387
HOUSTON TX 77210-4387


LOWES
PO BOX 2510
TUSCALOOSA AL 35403-2510


MESSERLI & KRAMER PA
3033 CAMPUS DR STE 250
PLYMOUTH MN 55441

```
METRO UROLOGIST
SDS 12 1849
PO BOX 86
MINNEAPOLIS MN 55486


MITCHELL N KAY ATTY
7 PENN PLAZA 18TH FL
NEW YORK NY 10001


MOBIL
PO BOX 103141
ROSWELL GA 30076-9341


MONCO LAW OFFICES
PO BOX 1641
BROOKFIELD WI 53008


NCO FINANCIAL
PO BOX 15740
WILMINGTON DE 19850-5740


NCO FINANCIAL
PO BOX 15740
WILMINGTON DE 19850-5740


NUTRA LANE
6452 FIG ST UNIT A
ARVADA CO 80004


PACE
ADDRESS UNKNOWN


PARK NICOLLET CLINIC
PO BOX 9104
MINNEAPOLIS MN 55480-9104
```

```
PETERSON FRAM BERGMAN
55 5TH ST E  STE 800
ST PAUL MN 55101-1718


PINNACLE FINANCIAL
7825 WASHINGTON AVE S
SUITE 410
EDINA MN 55439


PREVENTION
PO BOX 8461
RED OAK IA 51591-1461


PRIME SECURITY BANK
1305 VIERLING DR
SHAKOPEE MN 55379


PUBLIC STORAGE
415 MARIE AVE E
W ST PAUL MN 55118-4074


QUICK CASH TITLE
ADDRESS UNKNOWN


RECEIVABLES PERFORMANCE
P.O. BOX 768
BOTHELL WA 98041


REGIONS HOSPITAL
NW 3969
PO BOX 1450
MINNEAPOLIS MN 55485-3969


REITER & SCHILLER ATTYS
25 N DALE ST
ST PAUL MN 55102
```

RMS
PO BOX 523
RICHFIELD OH 44286


ST PAUL RADIOLOGY
166 4TH ST E
ST PAUL MN 55101


STEVE JORGENSON
ADDRESS UNKNOWN


SUBURBAN RADIOLOGIC
4801 W 81ST ST STE 108
MINNEAPOLIS MN 55437-1191


SUMMIT ORTHOPEDICS
PO BOX 65338
ST PAUL MN 55165


T MOBILE
PO BOX 742596
CINCINNATI OH 45274-2596


THE ORAL SURGERY CENTER
8401 SEASONS OKWY
WOODBURY MN 55125


TRINSIC
MATRIX TELECOM
PO BOX 60091
NEW ORLEANS LA 70160-0091


TROJE TRASH
C/O MILLENIUM CREDIT
PO BOX 18160
W ST PAUL MN 55118-0160

TRUGREEN CHEMLAWN
PO BOX 271090
ST PAUL MN 55127-1090


UNBELIEVABLE 60 SKIN CARE
C/O ALLIED COLLECTION
7120 HAYVENHURST AVE
VAN NUYS CA 91406


UNITED COLLECTION
5620 SOUTHWYCK BLVD
STE 206
TOLEDO OH 43614


VALENTINE & KEBARTAS
PO BOX 325
LAWRENCE MA 01842-0625


WASTE MANAGEMENT
PO BOX 79168
PHOENIX AZ 85062-9168


WILFORD & GESKE PA
SEASONS OFFICE BLDG
8425 SEASONS PKWY #105
WOODBURY MN 55125


WILSHIRE CREDIT CORP
PO BOX 8517
PORTLAND OR 97207-8517


WILSHIRE CREDIT CORP
PO BOX 8517
PORTLAND OR 97207-8517


WILSHIRE CREDIT CORP
PO BOX 8517
PORTLAND OR 97207-8517

XCEL ENERGY
3215 COMMERCE ST
LA CROSSE WI 54603

In re **Jeffrey A Oppegard**
**Cheryl L Oppegard**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ **5,256.71** | $ **1,338.68** |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $ 0.00 | $ 0.00 | | |
| b. | Ordinary and necessary business expenses | $ 0.00 | $ 0.00 | | |
| c. | Business income | Subtract Line b from Line a | | $ 0.00 | $ 0.00 |

| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $ 0.00 | $ 0.00 | | |
| b. | Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 | | |
| c. | Rent and other real property income | Subtract Line b from Line a | | $ 0.00 | $ 0.00 |

| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | | $ | $ | | |
| b. | | $ | $ | | |
| | Total and enter on Line 10 | | | $ 0.00 | $ 0.00 |

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ **5,256.71** | $ **1,338.68** |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **6,595.39** |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **79,144.68** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:  **MN**   b. Enter debtor's household size:  **4** | $ | **86,329.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |

| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| Total and enter on Line 17 | | $ |

| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Household members under 65 years of age | | Household members 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | |
|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| | | |
|---|---|---|
| | | $ |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
| | | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** <br><br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. <br><br>☐ 0   ☐ 1   ☐ 2 or more. <br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) <br><br>☐ 1   ☐ 2 or more. <br><br>Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| | | $ |

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. <br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  **Do not enter an amount less than zero.** | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| | | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

| | | |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 19-32</b></td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34. **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $_____ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to casses commenced on or after the date of adjustment.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
|---|---|---|

|   | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. |   |   | $ | ☐ yes ☐ no |
|   |   |   | Total: Add Lines |   |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|---|---|---|

|   | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. |   |   | $ |
|   |   |   | Total: Add Lines | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ |   |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |   |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt**                                                                  $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result.        $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

|   | Expense Description | Monthly Amount |
|---|---|---|
| a. |   | $ |
| b. |   | $ |
| c. |   | $ |
| d. |   | $ |
|   | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:   __**May 24, 2010**__          Signature:   __**/s/ Jeffrey A Oppegard**__<br>                                                                    **Jeffrey A Oppegard**<br>                                                                         *(Debtor)*<br><br>Date:   __**May 24, 2010**__          Signature   __**/s/ Cheryl L Oppegard**__<br>                                                                    **Cheryl L Oppegard**<br>                                                                    *(Joint Debtor, if any)* |
|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **11/01/2009** to **04/30/2010**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Brin NW Glass**
Year-to-Date Income:
Last Year:
Starting Year-to-Date Income:  **$62,704.71**  from check dated   **10/31/2009**   .
Ending Year-to-Date Income:  **$73,460.20**  from check dated   **12/31/2009**   .

This Year:
Current Year-to-Date Income:  **$20,784.77**  from check dated   **4/30/2010**   .

Income for six-month period (Current+(Ending-Starting)):  **$31,540.26**   .
Average Monthly Income:  **$5,256.71**   .

# Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **11/01/2009** to **04/30/2010**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Country Inn and Suites**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2009** | **$825.00** |
| 5 Months Ago: | **12/2009** | **$1,972.81** |
| 4 Months Ago: | **01/2010** | **$601.15** |
| 3 Months Ago: | **02/2010** | **$0.00** |
| 2 Months Ago: | **03/2010** | **$0.00** |
| Last Month: | **04/2010** | **$0.00** |
| | Average per month: | **$566.49** |

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Regional Elite**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **11/2009** | **$340.75** |
| 5 Months Ago: | **12/2009** | **$462.95** |
| 4 Months Ago: | **01/2010** | **$820.15** |
| 3 Months Ago: | **02/2010** | **$748.45** |
| 2 Months Ago: | **03/2010** | **$1,081.42** |
| Last Month: | **04/2010** | **$1,179.42** |
| | Average per month: | **$772.19** |